IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MAY 1998 SESSION



**FILED**

**May 21, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **THOMAS W. BARLOW,** | ) | |
| | ) | **C.C.A. NO. 01C01-9707-CC-00257** |
| Appellant, | ) | |
| | ) | **RUTHERFORD COUNTY** |
| VS. | ) | **(No. F-38600 Below)** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | **The Hon. James K. Clayton, Jr.** |
| | ) | |
| Appellee. | ) | **(Dismissal of Post-Conviction Petition)** |
| | ) | |

FOR THE APPELLANT:

REBECCA A. ROBINSON
123 E. Main Street, Suite D
Murfreesboro, TN 37130

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM C. WHITESELL, JR.
District Attorney General

JOHN W. PRICE, III
Assistant District Attorney General
303 Rutherford County Judicial Building
Murfreesboro, TN 37130

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

GARY R. WADE, PRESIDING JUDGE

**O P I N I O N**

The petitioner, Thomas W. Barlow, appeals as of right from the trial court's dismissal of his post-conviction petition as outside the statute of limitations. The petitioner contends that the trial court erred in considering the untimeliness of the post-conviction petition because the state failed raise the statute of limitations as an affirmative defense. He also submits that the trial court erred in finding it lacked jurisdiction over the matter. After reviewing the entire record, the briefs, and the applicable law, we find that the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.

Although neither the guilty plea nor the judgment is included in the record on appeal, it appears that on October 3, 1994, the petitioner pled guilty to aggravated sexual battery. Subsequently, the petitioner filed his petition for post-conviction relief on November 14, 1996. Counsel was appointed to represent the petitioner, and his post-conviction petition was amended. The case was set for a hearing on the merits, however, at the beginning of the hearing, the state notified the trial court that the petition had been filed outside the statute of limitations. Accordingly, the trial court dismissed the petition upon a finding that the petition was filed outside the one-year statute of limitations.

Pursuant to T.C.A. § 40-30-202(a), a petitioner must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal was taken or, if no appeal was taken, within one year of the date on which the judgment became final. The Compiler's Notes to T.C.A. § 40-30-201 states that the 1995 Post-Conviction Act governs all petitions for post-conviction relief filed after May 10, 1995. Moreover, the Compiler's Notes indicate that "any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part." Moreover, the statute clearly states that the one-year limitation period shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. T.C.A. § 40-30-202(a).

Under T.C.A. § 40-30-202(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) the claim in the petition is based upon a final ruling of an appellate court establishing a

constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required; (2) the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid.

In the present case, the petitioner filed his petition for post-conviction relief outside the statute of limitations set forth in T.C.A. § 40-30-202(a), and he has failed to show that any of his claims fall within one of the exceptions set forth in T.C.A. § 40-30-202(b).

IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20. Because the petitioner is indigent, costs are taxed to the state.

_____
GARY R. WADE, PRESIDING JUDGE


CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
JERRY L. SMITH, JUDGE